Block et al. vs. Chase.

---

BLOCK ET AL, RESPONDENTS, vs. CHASE, APPELLANT

1. A mere formal party, standing indifferent to the real parties in interest, may be examined as a witness.

2. The rights of one advancing money on the faith of property in the possession of another, who has the legal title, without any knowledge of the rights of others, will be protected.

## APPEAL from St. Louis Circuit Court.

WHITTLESEY, for respondents.

Makes the same points that were made by the court below.

This is a bill to enforce and foreclose a deed of trust upon personal property, and we contend.

1. That the equity and mortgage of S. P. Chase, upon this property is prior in point of time to that of the plaintiffs'. This will appear from the answers and from the evidence.

2. That they first came into possession of the property, thus uniting the possession with the right.

Consequently Solomon P. Chase is first entitled to be paid his demand before the plaintiff can claim any part of the proceeds.

1. As between two sales or mortgages of personal property, the first possessor holds it: Burwell vs. Robertson, 1 West Leg. Abs. 222; Rocheblare vs. Potter, 1 Mo. Rep. 561; Potter vs. Gratiot, 1 Mo. Rep. 368; Fitzsimmons vs. Ogden, 7 Cranch R. 2; Berry vs. Mut. Ins. Co., 2 J. C. R. 603; Becket vs. Costly, 2 Brown's Ch. R. 650; 15 Ves. R. 354; Broom's Leg. Maxims 329.

As by the terms of the award Ladew held the property for S. P. Chase, Chase is first entitled, as he has the older equity of the first possession.

Block et al. vs. Chase.

2. That as the plaintiff knew of the award, and gave no notice of their claim, they must be bound by the award: Govett vs. Richmond, 7 Sim. Ch. R. 1; 9 E. C. C. R. 1; 1 P. W. Mo. 393.

3. That the recording of the deed of trust of the plaintiffs, is not equivalent to actual possession, nor to notice, and our statute does not make it so.

Our statute requires deeds and mortgages of personal property to be recorded, to remove presumptions of fraud, and does not make the recording notice. The proviso is inserted in the statute of fraudulent conveyances, and was intended to rebut the presumption of fraud arising from the mortgagor's remaining in possession, and the maxim well applies, *noscitur a sociis.*

We contend therefore, that as S. P. Chase is prior in point of time, prior in possession, with prior equities, he is entitled to be first paid his demand, before the plaintiffs can claim the property or its proceeds.

FIELD, for respondents.

I. Taylor, one of the defendants, was a competent witness for the complainants; for he put in no answer and made no defence. His own liability was consequently fixed by his own admission, and between the other parties he was indifferent: Bradley vs. Root, 5 Paige 633.

II. The objection to the jurisdiction of the court, in equity, is conceived to be untenable.

1. The case is of a formal trust, asserted in the name of the cestui-que-trust, and was certainly not tenable at law,

It is no answer to say that a suit at law might have been maintained in the name of the trustees; for it was the right of the custui-que-trust to proceed in his own name, and for that purpose he was compelled to sue in equity.

2. Besides, there was, in the case, another circumstance peculiarly of equitable consideration, viz, that Chase, claiming an interest in the property, knew of the loan by Block and of the deed of trust by Taylor, and did not interpose his claim, but actually himself, took part of the benefit of the transaction.

III. The decree was right, under the pleadings and proofs.

Taylor was ostensible owner of the property; he negotiated the loan and made the deed of trust with the knowledge and consent of Chase, as was proved by two witnesses, Taylor and Yost.

The transactions between Taylor, W. F. & S. P. Chase were secret, not communicated to Block, nor had the latter any notice of those transactions when they advanced their money and took the deed of trust. The complainant's deed was recorded without delay. That on which appellants rely was never recorded at all.

P. S.—In looking at appellant's briefs, I perceive it is objected that the decree is too large, and should be (after deducting for usury) only $400. The appellants overlook the fact that the suit was pending over three years in the circuit court. For this delay of the law caused by an unjust defence, it would be unconscionable to extend the penalty of the statute. The rights of the parties, in the matter of usury, are to be referred to the commencement of the suit. There was then due $410. Add six per cent after, and it makes the sum due.

SCOTT, J., delivered the opinion of the court.

This was a suit begun by a bill in chancery, filed by Block and others against Chase and others, to restrain the sale of a printing establishment, known as the office of the St. Louis Post and Mystic Family, and

for relief.   On a decree for Block and others, Chase and others brought the cause to this court, by appeal.

W. F. Chase held the property in trust for his brother, S. P. Chase. It was purchased with money procured by the endorsement of S. P. Chase, and which he afterwards paid.   Wm. F. Chase sold one half of it to J. D. Taylor, and took a mortgage on it to secure the payment of the purchase money.   Taylor was put in possession of the establishment, and published a paper which was edited by Wm. F. Chase.   At the time of his purchase, Taylor gave a declaration in writing, stating, that he held one half of the property in trust for S. P. Chase of Ohio. While things were in this posture, Taylor, to enable him to carry on his business, borrowed six hundred and twenty dollars from E. & E. Block, to secure the payment of which, he gave a deed of trust on the entire property, to Mandlebaum & Simons, trustees.   This deed was duly recorded.   It was charged in the bill and proved, that Wm. F. Chase knew of this deed, consented to it and received a part of the purchase money.   E. & E. Block had no notice of the trust of S. P. Chase. Sometime afterwards, Taylor sold the property to Clark and Yost, and took their notes for the purchase money.   A difficulty arising between them, in relation to this transaction, it was referred, and the arbitrators awarded, that the contract between Taylor and Clark & Yost should be rescinded, the notes delivered up, and the property placed in the hands of Ladew, one of the arbitrators, to be sold for the benefit of Sol. P. Chase, or to pay debts for which he was bound, as endorser for W. F. Chase.   E. & E. Block were no parties to this arbitration.   Ladew, being about to sell the property under the award, an injunction, the foundation of this suit, was applied for and obtained.   It was objected, in the answer, that there was no equity in the bill.   It was abundantly shown, that S. P. Chase had advanced the money with which the property was purchased by W. F. Chase, and that the latter was legally indebted to him.   J. D. Taylor, having made no answer nor defence, was examined as a witness.   He was objected to.

On a hearing, the court decreed that the property be sold, and that after paying what remained of the debt of E. & E. Block, which was reduced on account of usury, the balance should be applied to the benefit of Sol. P. Chase.

The objection, that Taylor was not a competent witness, cannot be sustained.   He stood indifferent between the parties.   Whoever prevailed, the property in controversy would be liable to satisfy debts for which he was bound.   It was encumbered with debts, due by him both

to Block and to Chase. Under the bill, as it stood, there could have been no relief against him. He was a mere formal party.

On the merits, the case is with complainants. J. D. Taylor was trustee of one half of the property for S. P. Chase. He was in possession of the property and in law was the legal owner. Chase had a mere trust, recognized and enforced against *mala fide* purchasers and encumbrances. The instrument declaring his trust, was not recorded. It is not pretended that the Blocks had any notice of the trust. They are then protected by the statute regulating fraudulent conveyances. They advanced their money on the faith of property in the possession of one who had the legal title, and without any knowledge of the rights of others. They are *bona fide* purchasers, for a valuable consideration, against whom equity will not relieve. As to the other half of the property, it seems that there was a mortgage on it to W. F. Chase. Taylor was in possession, and having purchased half of the establishment, he gave a mortgage to secure the payment of the purchase money. This deed was unrecorded, and under the statute concerning fraudulent conveyances, the deed of trust, for the benefit of the Blocks, must prevail over the unrecorded deed. That act prescribes, that no unrecorded deed of trust or mortgage of personal property shall be valid against purchasers or creditors, unless possession accompanies the deed.

As to the question of jurisdiction, it may be remarked, that there was no demurrer to the bill. It is not allowable, to insist on the defence, that a party has an adequate remedy at law on the trial of the merits of the cause. By repeated decisions of this court, such an obligation can only be raised by a demurrer to the bill: 10 Mo. Rep., Martin vs. Green.

The other judges concurring, the decree will be affirmed.